Townley, Glennon and Cohn, JJ., concur; Callahan, J., dissents in opinion and votes to affirm.

CALLAHAN, J. (dissenting). Considering all of the evidence, it seems to me that the reductions granted by Special Term were justified. The leases covering the property assessed involved a large number of parcels in different ownerships. These leases did not terminate on any single date. The tenant, a corporation conducting a department store, combined the different buildings into one unit, with only the original building walls standing. Such a tenant was at a great disadvantage in negotiating new leases and undoubtedly was obliged to pay inflated rentals in some instances. The wide variation in the rent fixed for similar parcels demonstrates this fact. The possibility that such a situation might be terminated by the tenant (and the opportunity for high rents thus ended) no doubt was reflected in keeping down the value of the property.

In addition, a very liberal depreciation of building values would have to be considered in capitalizing income, for the structures would be practically a total loss if the present tenant vacated.

The sale of the one parcel involved, which was at a valuation somewhat higher than the average, occurred shortly before the lease thereof terminated. The opportunity for obtaining a new lease at a high return may well have affected the selling price arrived at. In any event, all other sales in the neighborhood were far below the assessed valuations. The sale of 56 West 14th Street, a parcel on the 14th Street front of the same block as the subject property, when analyzed, showed a unit land value of only $66,000 a lot, as against $107,000 a lot fixed by Special Term, and $122,500 a lot fixed by the assessors. Other relevant sales as to 13th Street and as to Fifth Avenue properties showed even greater discrepancies below assessments.

The order appealed from should be affirmed.

ROBBINS MUSIC CORPORATION et al., Appellants, v. SONG PARODIES, INC., et al., Respondents, et al., Defendants.— Judgment unanimously affirmed, with costs to respondent, the Red Star News Company. (See Pocket Books, Inc. v. Meyers, 292 N. Y. 58, decided January 20, 1944.) Present — Martin, P. J., Untermyer, Dore, Cohn and Callahan, JJ. [179 Misc. 543.] [See post, p. 902.]

SHERIDAN ARMS CORPORATION, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.— Order affirmed, with twenty dollars costs and disbursements, with leave to the defendant to answer within ten days after service of order, on payment of said costs. No opinion. Present — Martin, P. J., Townley, Untermyer, Dore and Callahan, JJ.; Callahan, J., dissents and votes to reverse and grant the motion.

ERVIN PALMER, as a Director of MORELITE CO., INC., and as Committee of MARGARET PALMER, an Incompetent, in Her Behalf and for All Other Stockholders, Respondent, v. MORELITE CO., INC., et al., Appellants, et al., Defendants.— Order, so far as appealed from, unanimously affirmed, with twenty dollars costs and disbursements, with leave to the defendants-appellants to answer within ten days after service of order, on payment of said costs. No opinion. Present — Martin, P. J., Townley, Untermyer, Dore and Cohn, JJ.

SAMUEL PLATT, Respondent, v. IDEAL NOVELTY & TOY COMPANY, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Martin, P. J., Townley, Glennon, Cohn and Callahan, JJ.

YAHR-DONEN CORPORATION, Respondent, v. JAY-ELL OUTLET CO., INC., et al., Appellants.— Order unanimously affirmed, with twenty dollars costs and dis-